NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-3342
_____

UNITED STATES OF AMERICA

v.

HECTOR ORLANDO CERNA-RIVAS,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-10-cr-00335-001)
District Judge:  The Honorable Sylvia H. Rambo

Submitted Under Third Circuit L.A.R. 34.1(a)
April 18, 2012

BEFORE:  SCIRICA, AMBRO, and NYGAARD, *Circuit Judges*

(Filed:  April 26, 2012)

_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge*

Hector Orlando Cerna-Rivas appeals his 46–month sentence for an immigration-related crime. His attorney, Assistant Federal Public Defender Ronald A. Krauss, has filed a motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Cerna-Rivas has not filed a *pro se* brief in support of his appeal.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We will grant the motion and affirm the sentence.

I.

Because we write solely for the parties' benefit, we will relate only the facts essential to our disposition. Cerna-Rivas, a citizen of El Salvador, was removed from the United States after committing an aggravated felony crime of violence. After originally entering a plea of not guilty, he changed his plea to guilty to re-entering the United States illegally following removal, in violation of 8 U.S.C. § 1326(a) and (b)(2). After a thorough colloquy, the District Court accepted the change in plea, finding Cerna-Rivas was fully competent and capable of entering an informed plea, and that his new plea of guilty was a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

The Probation Office prepared a Pre–Sentence Report ("PSR"), recommending a total offense level of 21. Cerna-Rivas raised some initial objections to the guidelines calculations, which were later withdrawn. The District Court adopted the PSR's recommendation that a total offense level of 21 should apply. Cerna-Rivas requested a downward variance based on fast-track disparity and because the seriousness of his

criminal history was overstated. The District Court denied the requested variance, placed Cerna-Rivas' total offense level at 21 and ultimately sentenced him to 46-months' imprisonment.

Cerna-Rivas filed a timely notice of appeal. We appointed counsel who thereafter moved to withdraw, filing an *Anders* brief in support of his motion. Cerna-Rivas was invited to file a *pro se* brief in support of his appeal, but he has not done so.

## II.

Counsel may seek to withdraw from representation if, after a conscientious examination of the District Court record, he or she is "persuaded that the appeal presents no issue of even arguable merit . . . ." 3d Cir. L.A.R. 109.2(a) (2010); *see also Anders,* 386 U.S. at 744. Evaluation of an *Anders* motion requires a twofold inquiry: (1) whether counsel has thoroughly examined the record for appealable issues and has explained in a brief why any such issues are frivolous; and (2) whether an independent review of the record presents any nonfrivolous issues. *See United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). If we determine that "the *Anders* brief initially appears adequate on its face," the second step of our inquiry is "guided . . . by the *Anders* brief itself." *Id.* at 301 (quotation marks and citation omitted).

We conclude that counsel's *Anders* brief is adequate, and thus it will guide our independent review of the record. Counsel identifies two potentially appealable issues: (1) that the District Court violated Federal Rule of Criminal Procedure 11 during the plea colloquy; and (2) that the District Court's sentence was unreasonable. Our independent review of the record confirms that these issues are wholly frivolous.

3

After reviewing the record, we are satisfied that, during the plea colloquy, the District Court painstakingly reviewed, inter alia, the charges against Cerna-Rivas, his understanding of them, the provisions in the plea agreement, and the rights he would waive by pleading guilty. The District Court concluded that the plea was knowing and voluntary. We conclude that the plea colloquy and the District Court's acceptance of the plea complied with Rule 11 in all respects.

Any challenge to the reasonableness of Cerna-Rivas' sentence is similarly devoid of arguable merit. With respect to the sentencing, the District Court accurately calculated the guideline range, clearly indicated that the guideline range was advisory, analyzed the factors under 18 U.S.C. § 3553, and otherwise satisfied the procedural requirements of Federal Rule of Criminal Procedure 32. The District Court also properly considered the factors specified in 18 U.S.C. § 3553(a), as well as the applicable statutory and Guidelines provisions, before sentencing Cerna-Rivas to a term of imprisonment that is at the low end of the Guidelines range.

III.

For the foregoing reasons, we will affirm the District Court's conviction and sentence. We accept the defense counsel's *Anders* brief, and counsel's motion for leave to withdraw will be granted.